# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**BEVERLY JO JONES, In behalf of Michael Lee Jones**
**and Daniel Ryan Jones**                                                              **PETITIONER**

**VERSUS**                                          **CIVIL ACTION NO. 1:08-cv-333-LG-RHW**

**STATE OF ALABAMA, J. JERRY PILGRIM**
**and UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

THIS MATTER IS BEFORE THE COURT, *sua sponte,* for consideration of dismissal. The Petitioner commenced this civil action by filing a Petition for Writ of Habeas Corpus [1] on July 28, 2008. An order [9] was entered on October 1, 2008, directing Petitioner to amend her petition for habeas relief in the form and manner prescribed by the *Rules Governing Section 2254 Proceedings for the United States District Court*. In response to that order, Petitioner has filed a motion [10] entitled " Motion to Vacate Order/Motion for Writ of Seizure." Having reviewed the petition [1], motion [10], and applicable law, this Court finds that Petitioner cannot maintain this civil action.

### I. Background

Petitioner filed her request for habeas relief on behalf of her sons complaining about the practices imposed by the county, state and federal courts of Alabama to " obstruct justice and prevent Petitioner from oral hearing on the many issues presented them in her numerous filings to their courts since 1992." *Pet. [1],* p. 1. Because Petitioner failed to file her habeas petition on the proper forms, an order [9] was entered directing her to amend her petition in the form

and manner prescribed by the RULES GOVERNING SECTION 2254 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. Instead of filing an amended petition as required by the order [9] entered October 1, 2008, she filed a Motion to Vacate Order/Motion for Writ of Seizure [10]. Petitioner states in her motion [10] that she should not be required to amend the petition on the form furnished by this Court because it is not applicable. Additionally, she requests in her motion [10] that a writ of seizure be issued by this district court to the United States District Court for the Southern District of Alabama in order " to secure the removal of Michael' s and Daniel' s Case Action Files, Numbers 03-0764-WS-M and 03-0765-CB[,] because the court has refused to allow this Petitioner to file there until these cases are appealed or otherwise properly remanded." *Mot. [10]*, p.3. In her motion [10], she claims that she is also bringing this civil action on behalf of her sons asserting that they are " wrongly kept in Alabama and prevented rightful freedom" in violation of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1961. The Petitioner also attempts to assert a claim against defendant J. Jerry Pilgrim, attorney at law, Mobile, Alabama.

## II. DISCUSSION

Notwithstanding the claims asserted by the Petitioner, this Court finds that this civil action, for the most part, is habeas in nature. *See Davis v. Fechtel*, 150 F.3d 486 (5th Cir. 1998) (court construed petition for mandamus relief as one filed pursuant to § 2241); *Dickerson v. Louisiana*, 816 F.2d 220 (5th Cir. 1987)(court construed § 2254 petition as a § 2241 petition). As such, Petitioner cannot pursue this civil action as a petition for habeas relief pursuant to 28 U.S.C. § 2254. A petition for habeas relief is filed requesting release from unlawful custody. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). In the instant civil action, it is clear that Petitioner Beverly Jo Jones was not incarcerated at the time she filed the instant civil

action. Moreover, Petitioner's sons, on whose behalf she has filed the instant civil action, are not challenging a conviction or incarceration from the State of Mississippi, but are challenging a conviction or incarceration in the State of Alabama. *See Mot. [10]*, p.1. The proper court to bring a habeas petition challenging a conviction or incarceration of a state court judgment is in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him. *See* 28 U.S.C. § 2241(d). Since the challenged conviction and incarceration are not a result of a decision of a state court of Mississippi, this Court lacks subject matter jurisdiction to address the habeas issues of this civil action.

Furthermore, Rule 12(h)(3) of the FED. R. CIV. P. provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." This Court is a court of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994). The Petitioner as well as Respondent Pilgrim, a private attorney, are residents of Alabama. *See Pet. [1]*, p. 4. The allegations asserted against Defendant Pilgrim relate to him representing Petitioner in legal matters in the State of Alabama. Consequently, there does not exist diversity of citizenship as required by 28 U.S.C. § 1332 for this court to have jurisdiction.

According to the Petitioner's claims, she is pursuing this cause against defendant United States District Court for the Southern District of Alabama[1] because "the court has refused to

---

[1]According to the information contained in the National PACER Database, the Petitioner has filed several actions with United States District Court for the Southern District of Alabama. The following are some of the cases: *Jones v. Pilgrim,* Civil Action No. 98-0765-CB-C (S.D. Ala. Oct. 28, 1998); *Jones v. Randy Burroughs,* Civil Action No. 99-0921-AH-M (S.D. Ala. Mar. 10, 2000); *Jones v. Daphne Poundstone,* Civil Action No. 00-0431-RV-S (S.D. Ala. July 13, 2000); *Jones v. Pilgrim,* Civil Action No. 02-0128-CB-S (S.D. Ala. Mar.18, 2002); *Jones v.*

allow this Petitioner to file there." *Mot. [10]*, p. 3. Having reviewed the National PACER Database, this Court finds that the United States District Court for the Southern District of Alabama in *Jones v. State of Alabama*, 03-765-CB (S.D. Al. Dec. 22, 2003), entered an order on January 31, 2007, which prohibits the petitioner from " filing any new actions without prior review and approval by the Court." Therefore, this Court concludes that the Petitioner is complaining to this Court about that decision of the District Court for the Southern District of Alabama. However, this Court does not have the jurisdiction or authority to review the decision of another district court. *See* 28 U.S.C. § 1291. Hence, any claims by the Petitioner against the United States District Court of Alabama will be denied for lack of jurisdiction.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the instant petition shall be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED AND ADJUDGED** that all pending motions are hereby **DENIED AS MOOT**.

A final judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 19th day of August, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

*Chief Phillips,* Civil Action No. 03-0261-BH-L (S.D. Ala. Sept. 25, 2003), *Jones v. Pilgrim,* Civil Action No. 03-0763-CB-L (S.D. Ala. Jan. 20, 2004), *Jones v. Davenport,* Civil Action No. 03-0767-CG-C (S.D. Ala. Feb. 27, 2004), and *Jones v. State of Alabama Dept. of Mental Health,* Civil Action No. 03-0790-CG-L (S.D. Ala. Jan. 13, 2004).